RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 9/13/10
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **CHERYL ANN MCLELAND** | **CIVIL ACTION NO. 09-0219** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | **MAG. JUDGE KAREN L. HAYES** |

### RULING

Pending before the Court is a Motion to Alter or Amend Judgment [Doc. No. 40] filed by Defendant Michael J. Astrue, Commissioner of the Social Security Administration. For the following reasons, the motion is GRANTED.

### I. FACTUAL AND PROCEDURAL HISTORY

On February 9, 2009, Plaintiff Cheryl McLeland sought review in this Court of the Social Security Administration's ("SSA") decision that denied her Title II Disability Insurance Benefits and Title XVI Supplemental Security Income Payments.

On February 3, 2010, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 33], recommending that the SSA's decision be reversed, and the case be remanded to determine Plaintiff's residual functional capacity. On March 2, 2010, the Court issued a Judgment [Doc. No. 34], adopting the February 3, 2010 Report and Recommendation, reversing the SSA's decision, and remanding the case.

On May 3, 2010, Plaintiff filed a Motion for Attorney's Fees under 28 U.S.C. §

2412(d)(1)(A) of the Equal Access to Justice Act ("EAJA").[1] [Doc. No. 35]. On May 26, 2010, the Magistrate Judge issued a second Report and Recommendation [Doc. No. 38], recommending that Plaintiff's motion be granted and that Defendant be ordered to pay Plaintiff's *counsel* $5,145.00 in attorney's fees and $297.27 in expenses. Neither party filed an objection to the Report and Recommendation. On June 29, 2010, the Court issued a Judgment [Doc. No. 39], adopting the May 26, 2010 Report and Recommendation, and ordering Defendant to pay Plaintiff's counsel $5,145.00 in attorney's fees and $297.27 in expenses.

On July 27, 2010, Defendant filed the pending Motion to Alter or Amend Judgment. [Doc. No. 40]. On August 18, 2010, Plaintiff filed a response. In the response, Plaintiff moved the Court to award her additional attorney's fees and expenses incurred in responding to Defendant's Motion to Alter or Amend Judgment. The Court construed Plaintiff's request as a Second Motion for Attorney's Fees and, on September 7, 2010, issued a separate notice of motion setting. [Doc. Nos. 42 & 43]. The Court will not address the merits of that motion in this Ruling.

## II.   LAW AND ANALYSIS

Defendant's Motion to Alter or Amend Judgment is made pursuant to Federal Rules of Civil Procedure 59 and 60. *See* FED. R. CIV. P. 59(e) & 60. "Motions . . . to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and should, have been

---

[1] Section 2412(d)(1)(A) provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

made before the judgment issued." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

Defendant asserts that the Court should have ordered it to pay Plaintiff, rather than Plaintiff's attorney, attorney's fees and expenses.

Between the time the Magistrate Judge issued the May 26, 2010 Report and Recommendation and the Court issued its June 29, 2010 Judgment, the Supreme Court held in *Astrue v. Ratliff* that the litigant, rather than his or her attorney, was entitled to receive attorney's fees and expenses pursuant to § 2412(d)(1)(A). 130 S.Ct. 2521, 2525 (2010). Specifically, the Court held that "a § 2412(d) fees award is payable to the litigant and is **therefore** subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Id.* at 2524 (emphasis added). *Ratliff* indicates that a Government offset is dependent on whether an award is payable to the litigant, but not vice versa.[2] *See id.*

Citing two cases from the Middle District of Florida, Plaintiff argues that, if a claimant assigns rights to an EAJA award to his or her counsel and the claimant does not owe a federal debt, the EAJA award should be paid to the claimant's counsel. [Doc. No. 42, p. 2] (citing *Stirrups v. Astrue*, No. 2:09-CV-00474-CEH-SPC (M.D. Fla. Aug. 11, 2010); *Key v. Astrue*, No. 3:08-CV-00424-J-TEM (M.D. Fla. July 22, 2010)).

First, the Court is not bound by the decisions of other district courts. Second, the Court finds *Stirrups* and *Key* unpersuasive. In *Stirrups* and *Key*, the courts did not explain why the holding in *Ratliff* is limited to situations where a claimant owes a federal debt that is subject to an offset by the

---

[2]The Court notes that *Ratliff* does not require that Defendant "change the customary practice where the check for EAJA fees is mailed to Plaintiff's attorney as the representative of Plaintiff. Rather, [*Ratliff*] only requires that the EAJA check be made payable to Plaintiff as the 'prevailing party.'" *Taylor v. Astrue*, No. 4:10-CV-04026, 2010 WL 3075681, at *2 n.2 (W.D. Ark. Aug. 4, 2010).

3

Government. Furthermore, in *Ratliff*, the Court did not state that its holding was limited in such a way.

Plaintiff also seems to argue that, because the Government "frequently paid EAJA fees awards directly to attorneys in SSA cases in which the prevailing party had assigned the attorney her rights in the award," the Court should recognize Plaintiff's assignment of her award in this case and order that the award be paid directly to Plaintiff's counsel. However, in *Ratliff*, the Supreme Court specifically rejected this argument when it held that "[t]he Government's history of paying EAJA awards directly to attorneys in certain cases . . . does not alter [the Court's] interpretation of [§ 2412(d)(1)(A)] or the Government's rights and obligations under the statute," and that "nothing about the Government's past payment practices altered [§ 2412(d)(1)(A)] . . . ." *Ratliff*, 130 S.Ct. at 2528-529.

Therefore, the Court committed a manifest error of law when it ordered Defendant to pay Plaintiff's counsel, rather than Plaintiff, attorney's fees and expenses.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Alter or Amend Judgment [Doc. No. 40] is GRANTED, and the Court's July 29, 2010 Judgment [Doc. No. 39] is AMENDED to provide that Defendant is ordered to deliver to Plaintiff's counsel a check made payable to Plaintiff for attorney's fees in the amount of $5,145.00 plus expenses totaling $297.27.

MONROE, LOUISIANA, this _13_ day of September, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE