RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE _____
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| CHERYL ANN MCLELAND | CIVIL ACTION NO. 09-0219 |
| VERSUS | JUDGE ROBERT G. JAMES |
| MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff Cheryl Ann McLeland's second or supplemental "Motion for Attorney Fees" [Doc. No. 42].

On June 3, 2010, Plaintiff filed her first "Motion for Attorney Fees" [Doc. No. 35] pursuant to the Equal Access to Justice Act ("EAJA"). On June 29, 2010, the Court granted [Doc. No. 39] Plaintiff's first Motion for Attorney Fees and ordered the Commissioner of the Social Security Administration ("Commissioner") to pay Plaintiff's counsel $5,145.00 in attorney's fees and $297.27 in expenses.

However, on July 27, 2010, the Commissioner filed a Motion to Alter/Amend Judgment [Doc. No. 40], moving the Court to amend its June 29, 2010 Judgment to provide that the Commissioner pay Plaintiff (instead of Plaintiff's counsel) attorney's fees and expenses.

On August 18, 2010, Plaintiff filed a response [Doc. No. 42] to the motion. In her response, Plaintiff opposed the motion and also sought $450.00 (three hours at a rate of $150.00 per hour) in attorney's fees for the time spent researching and preparing the response. Plaintiff attached an itemized statement of attorney's fees to the response. [Doc. No. 42-5]. On September 7, 2010, the Court issued a notice of motion setting [Doc. No. 43] for Plaintiff's second or supplemental Motion

for Attorney Fees, giving the Commissioner twenty-one days to respond.

On September 13, 2010, the Court granted the Commissioner's Motion to Alter/Amend Judgment, and amended its June 29, 2010 Judgment to provide that the Commissioner deliver a check to Plaintiff's counsel made payable to Plaintiff. [Doc. Nos. 44 & 45]. The Commissioner did not file a response to Plaintiff's second or supplemental Motion for Attorney Fees.

The Equal Access to Justice Act ("EAJA") provides that a court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States unless the court finds that the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). "[A]bsent unreasonably dilatory conduct by the prevailing party in any portion of the litigation, which would justify denying fees for that portion, a fee award presumptively encompasses all aspects of the civil action." *Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990) (internal quotation marks omitted). Therefore, attorney's fees and expenses related to EAJA litigation may be awarded to the prevailing party. *See id.*

The Court has already found that Plaintiff is a prevailing party, that the position of the government was not substantially justified, and that there are no special circumstances that would make an award unjust. [Doc. Nos. 38 & 39]. Furthermore, there is no indication that Plaintiff has engaged in unreasonable dilatory conduct.

The Court has reviewed the itemized statement of attorney's fees and determined that they are reasonable both in the amount of time spent on the services performed and in the hourly rates sought. Accordingly,

IT IS ORDERED that Plaintiff's second or supplemental Motion for Attorney Fees [Doc. No. 42] is GRANTED, and the Commissioner is ordered to deliver to Plaintiff's counsel a check made

payable to Plaintiff for attorney's fees in the amount of $450.00 (three hours at a rate of $150.00 per hour).

MONROE, LOUISIANA, this **29** day of September, 2010.

*[signature]*
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE